JOHN P. DI IORIO – SSN# 3866
**SHAPIRO & CROLAND**
411 Hackensack Ave.
Hackensack, New Jersey 07601
jdiiorio@shapiro-croland.com
Telephone: (201) 488-3900
Facsimile: (201) 488-9481

ROBERT E. OPERA– State Bar No. 101182
PETER W. LIANIDES – State Bar No. 160517
**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660
ropera@winthropcouchot.com
Telephone: (949) 720-4100
Facsimile:  (949) 720-4111

Counsel for Gerald C. Escala, Temporary Special Fiscal Agent of ZX Automobile Company of North America, Inc.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>ZX AUTOMOBILE COMPANY OF NORTH AMERICA, INC.,<br><br>Alleged Debtor<br>_____<br><br>MICHAELS LAW GROUP AND MARIO MEDINA,<br><br>Petitioning Creditors,<br><br>v.<br><br>ZX AUTOMOBILE COMPANY OF NORTH AMERICA, INC.,<br><br>Alleged Debtor. | Case No. 8:08-13065-TA<br><br>Involuntary Chapter 7 Case<br><br>**DECLARATION OF GERALD C. ESCALA IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER: A) DISMISSING THE CASE PURSUANT TO 11 U.S.C. § 305(a); OR B) DISMISSING THE CASE, OR, IN THE ALTERNATIVE, TRANSFERRING VENUE PURSUANT TO 28 U.S.C. §§ 1408, 1412 AND F.R.B.P. 1014**<br><br>DATE: August 5, 2008<br>TIME:  2:00 PM<br>CTRM: 5B |

Gerald C. Escala declares, pursuant to 28 U.S.C. § 1746, under penalties of perjury as follows:

1.    I am a retired presiding judge of the New Jersey Superior Court, Chancery Division. As discussed more fully below, I have been appointed temporary special fiscal agent of ZX Automobile Company of North America, Inc. (the "Alleged Debtor"). I submit this declaration in support of the motion of the Alleged Debtor for entry of an order:

    a.    Dismissing the case pursuant to 11 U.S.C. § 305(a); or

    b.    In the alternative, transferring venue of the case to the District of New Jersey pursuant to 28 U.S.C. §§ 1408, 1412 and F.R.B.P. 1014.

I know each of the following facts to be true of my own personal knowledge, except as stated otherwise, and if called to testify as a witness, I could and would competently testify with respect thereto.

2.    Pursuant to an order entered on May 1, 2008 in a consolidated action captioned *Thomason Auto Group, LLC vs. China Cooperative Inc., et al.* Superior Court of New Jersey, Chancery Division, Morris County, Docket No. C-27-08 (the "State Court Action"), I was appointed temporary special fiscal agent of China America Cooperative, Inc. ("China America") and, its subsidiary, ZX Automobile Company of North America, Inc. the ("Alleged Debtor"). A true copy of the May 1, 2008 order is annexed hereto as Exhibit A.

3.    Two of the law suits in the State Court Action involve claims by two competing groups consisting of shareholders and other persons who have, or previously had, managerial and other rights in China America. The suits arise out of actions taken at a board of directors' and at a shareholders' meeting on March 3, 2008 by one of the competing groups, consisting of Mario R. Ferla, Jack Pitluk, Martin H. Karo, Steven Saleen, William Tally, Thomas Del Franco, Alex Miskov, Richard L. Kalika and Alexander Keeler (collectively hereinafter referred to as the "Saleen Group"), to take over the Alleged Debtor and China America. In one of the actions, the Alleged Debtor and China America assert various claims of wrongdoing against , among others, the

Saleen Group. A true copy of the Verified Complaint filed against the Saleen Group is annexed hereto as Exhibit B.

4.  In the second lawsuit, the Saleen Group makes claims individually, and derivatively on behalf of China America, against the other competing group of shareholders and other persons consisting of Michael Daspin, Joan Daspin, William L. Pollack, Sam Tropello, Ronald A. Stella, Bradford P. Shaffer and Michele Schaffer (hereinafter collectively referred to as the "Daspin Group") for various acts of wrongdoing. No claims are made in the complaint filed by the Saleen Group against the Alleged Debtor. A true copy of the complaint filed by the Saleen Group is annexed hereto as Exhibit C.

5.  Finally, the third law suit included in the consolidated State Court Action is an action commenced by Thomason Auto Group, LLC against, among others, China America and the Alleged Debtor seeking, among other things, rescission of a distributorship agreement. A true copy of the Complaint filed by Thomason Auto Group, LLC ("Thomason") is annexed hereto as Exhibit D.

6.  As a result of the allegations in the complaint filed by Thomason, an order to show cause with temporary restraints was entered on March 3, 2008 in the State Court Action restraining the defendants from transferring, hypothecating, using, or otherwise disposing of any funds in their possession acquired from the investment of Thomason. A true copy of the Order to Show Cause with temporary restraints is annexed hereto as Exhibit E. In accordance with such order, the money invested by Thomason has been restrained.

7.  In addition, based upon the claims asserted in the complaints filed by the Saleen Group and the Daspin Group, an Order Regarding Corporate Governance was entered in the State Court Action on May 1, 2008, the same date I was appointed special temporary fiscal agent (the "Corporate Governance Order"). A true copy of the Corporate Governance Order is annexed hereto as Exhibit F. The Corporate Governance Order invalidated all actions taken at the March 3, 2008 board of directors' and shareholders' meetings.

8. In addition, in pertinent part, the Corporate Governance Order directed me to determine the identity of China America's shareholders and the amount of the shares that each owns. Also, at paragraph 3(b), the Corporate Governance Order directed me to exercise all powers of China America's and the Alleged Debtor's board of directors and officers to the extent necessary to manage the affairs of the corporation in the best interests of its shareholders and creditors. A true copy of the transcript of the hearing resulting in my appointment as temporary special fiscal agent is annexed hereto as Exhibit G.

9. I have spent a considerable amount of time understanding the business of China America and the Alleged Debtor and the circumstances that resulted in the Saleen Group's efforts to take control of the Alleged Debtor and its parent. In addition, I have sought to preserve the substantial potential value of the Alleged Debtor's principal asset, a contract to be the exclusive distributor in North America of Chinese manufactured cars (the "Chinese Auto Distribution Agreement").

10. Among other things, I have responded to an improper purported termination of the Chinese Auto Distribution Agreement and authorized the expenditure of funds for representatives of the Alleged Debtor to travel to China and try to consensually resolve the termination issue. The preservation of the Chinese Auto Distribution Agreement will allow the Alleged Debtor to raise additional capital and recruit additional automobile dealers wanting to market the Chinese manufactured vehicles.

11. In addition, pursuant to an order entered in the State Court Action, $556,345 was transferred from China America's bank account to an account whose sole signatory was me. A true copy of the order is annexed hereto as Exhibit H.

12. Prior to the involuntary bankruptcy filing, I was analyzing, and preparing to pay valid, undisputed claims against the Alleged Debtor and China America. As a result of the involuntary filing, I have been advised that I am prohibited from making any disbursements. This has

clearly had an impact on me performing my duties. I have, however, tried to continue to preserve the Alleged Debtor's and China America's relationships with its creditors and other potential automobile dealers.

13. Obviously, the involuntary bankruptcy filing against the Alleged Debtor, and more recently on July 7, 2008 against its parent, China America, has caused me to address significant additional issues in fulfillment of my duties. I was required to retain special bankruptcy counsel pursuant to an order entered in the State Court Action. A true copy of the order is annexed hereto as Exhibit I.

14. On its face, it is not clear what a chapter 7 bankruptcy liquidation will achieve for the petitioning creditor. The Alleged Debtor can only pay creditors and afford to pursue valid claims against others if it can retain the substantial potential value of the Alleged Debtor's contract to be the exclusive distributor of Chinese automobiles in North America. If that contract is lost, the Alleged Debtor and its creditors will be harmed and only the Saleen Group which attempted to take control of the Alleged Debtor, will benefit by having an opportunity to usurp the Chinese Auto Distribution Agreement.

15. My appointment was guided by the court's goal to preserve the business of the Alleged Debtor and maximize its value for creditors and shareholders. The bankruptcy will result in the liquidation of the business and those endorsing that result do so not for the benefit of anyone but themselves, as part of a litigation strategy.

16. I, therefore, question what good faith purpose the involuntary filing will have except to insure that the Alleged Debtor will not realize the substantial potential value of the Chinese Auto Distribution Agreement to the detriment of China America's and the Alleged Debtor's creditors and its equity interest holders.

17. I believe that a dismissal of the petition is in the best interests of the Alleged Debtor and its creditors.

I hereby declare under penalties of perjury that the foregoing statements made by me are true and correct.

_____
Gerald C. Escala

Dated: July 18, 2008

# CERTIFICATE OF SERVICE

I, Viann Corbin, declare as follows:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 660 Newport Center Drive, 4th Floor, Newport Beach, California 92660, in said County and State. On July 21, 2008 I served the following document: **DECLARATION OF GERALD C. ESCALA IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER: A) DISMISSING THE CASE PURSUANT TO 11 U.S.C. § 305(a); OR B) DISMISSING THE CASE, OR, IN THE ALTERNATIVE, TRANSFERRING VENUE PURSUANT TO 28 U.S.C. §§ 1408, 1412 AND F.R.B.P. 1014** on each of the interested parties as follows:

| Pager & Miller<br>Attn: R. Gibson Pagter, Jr.<br>525 N. Cabrillo Park Dr. #104<br>Santa Ana, CA 92701 | Weiland Golden Smiley Wang et.al.<br>Attn: Jeffrey I. Golden<br>650 Town Center Dr., #950<br>Costa Mesa, CA 92626 |
|---|---|
| Office of the US Trustee<br>411 W. 4th St., Suite 9041<br>Santa Ana, CA 92701 | |

by the following means of service:

☒ **BY MAIL:** I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same date with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ I am employed in the office of Winthrop Couchot Professional Corporation; Marc J. Winthrop is a member of the bar of this court.

☐ **(STATE)**    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **(FEDERAL)**    I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 21, 2008 at Newport Beach, California

*/s/ Viann Corbin*
Viann Corbin

-7-